# EXHIBIT E

**Proposed Intervenor-Defendants Choices Pregnancy Centers of Greater Phoenix, Inc. and Christian Employers Alliance's Proposed Answer to Plaintiff Jocelyn Samuels' Complaint**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **Jocelyn Samuels**,<br><br>*Plaintiff*,<br><br>v.<br><br>**Donald J. Trump**, et al.,<br><br>*Defendants*,<br>and<br><br>**Choices Pregnancy Centers of Greater Phoenix, Inc.**; and **Christian Employers Alliance**, on behalf of its members,<br><br>*Proposed Intervenor-Defendants*. | Civil Action No. 1:25-cv-01069-TSC |

**Proposed Intervenor-Defendants Choices Pregnancy Centers of Greater Phoenix, Inc. and Christian Employers Alliance's Proposed Answer to Plaintiff Jocelyn Samuels' Complaint**

Pursuant to Federal Rule of Civil Procedure 24(c), Proposed Intervenor-Defendant Choices Pregnancy Centers of Greater Phoenix, Inc. (Choices) and Christian Employers Alliance (CEA), on behalf of its members, answers Plaintiff Jocelyn Samuels' Complaint for Declaratory and Injunctive Relief as follows (each numbered paragraph of the Answer corresponding to the same numbered paragraph in the Complaint).

## INTRODUCTION

1. Admitted that Defendant President Donald J. Trump removed Plaintiff Jocelyn Samuels from her position as a Commissioner of the U.S. Equal Employment Opportunity Commission ("EEOC" or the "Commission"). This paragraph contains broad characterizations of other facts and Plaintiff's legal

1

theories. To the extent an additional response is required, Intervenors deny any allegations that are not specifically admitted herein and deny any allegations that the challenged federal actions are unlawful.

2. This paragraph contains a broad characterization of both facts and Plaintiff's legal theories. The statutes at issue speak for themselves. To the extent a response is required, Intervenors deny any allegations that are not specifically admitted herein and deny any allegations that the challenged federal actions are unlawful.

3. Admitted.

4. This paragraph contains a broad characterization of both facts and Plaintiff's legal theories. The statutes at issue speak for themselves. To the extent a response is required, Intervenors deny any allegations that are not specifically admitted below and deny any allegations that the challenged federal actions are unlawful. Intervenors deny the existence of any restrictions on removal and deny that any restrictions on the President's removal authority are constitutional.

5. Admitted that Defendant Trump directed the EEOC to remove Commissioner Samuels from her position on January 27, 2025, along with fellow Democratic Commissioner Charlotte Burrows. This paragraph contains additional broad characterizations of both facts and Plaintiff's legal theories. The statutes at issue speak for themselves. To the extent a response is required, Intervenors deny any allegations that are not specifically admitted below and deny any allegations that the challenged federal actions are unlawful. Intervenors lack knowledge to about whether this "constitutes the first time in the EEOC's almost 61-year history that a president has sought to remove a member of the Commission prior to the expiration of their term," and so it is denied.

6. Admitted.

7. Denied.

8. Admitted that the Complaint "seeks declaratory relief against all Defendants and injunctive relief against Defendants EEOC and Lucas" as stated. Intervenors deny any allegations that the challenged federal actions are unlawful.

## JURISDICTION AND VENUE

9. Intervenors admit that the Complaint alleges claims invoking jurisdiction under 28 U.S.C. § 1331 and 28 U.S.C. § 1361. Intervenors deny that this Court has jurisdiction to hear Plaintiff's clams.

10. Intervenors admit that the Complaint alleges claims invoking venue under 28 U.S.C. § 1391(e). Intervenors deny that this Court has venue to hear Plaintiff's clams.

## PARTIES

11. Intervenors admit that Plaintiff was confirmed by a bipartisan vote of the United States Senate to a five-year term expiring July 1, 2026. Intervenors deny that Plaintiff Jocelyn Samuels is (presently) a Commissioner of the EEOC.

12. Intervenors admit that Plaintiff states in the Complaint that Defendant Donald J. Trump is sued in his official capacity as President of the United States.

13. Admitted.

14. Intervenors admit that Defendant Andrea R. Lucas is the Acting Chair of the EEOC. Intervenors admit that Plaintiff Samuels states in the Complaint that Defendant Lucas is sued in her official capacity.

## STATUTORY BACKGROUND

15. Admitted that a core component of the Civil Rights Act of 1964 is Title VII. The statute speaks for itself, and a response is not required to Plaintiff's characterization of what the statute does. The broad characterization of the Civil

Rights Act of 1964 in relation to other laws in history is a superlative that does not require a response.

16. The statute at issue speaks for itself, and a response is not required to Plaintiff's characterization of what the statute does.

17. The statute at issue speaks for itself, and a response is not required to Plaintiff's characterization of what the statute does.

18. The statute at issue speaks for itself, and a response is not required to Plaintiff's characterization of what the statute does. To the extent a response is required, Intervenors deny the existence of any restrictions on removal and deny that any restrictions on the President's removal authority are constitutional.

19. The statute at issue speaks for itself, and a response is not required to Plaintiff's characterization of what the statute does. Intervenors lack knowledge or information sufficient to answer the assertion about the date of the amendment to the statute referenced in this paragraph.

20. The statute at issue speaks for itself, and a response is not required to Plaintiff's characterization of what the statute does.

21. The characterization of the functions Congress has given EEOC as quasi-legislative or quasi-judicial are legal conclusions, not assertions of fact, and do not require a response. To the extent a response is required, Intervenors deny that EEOC's functions are not executive functions.

22. The statutes at issue speak for themselves, and the characterization of the functions Congress has given EEOC as quasi-legislative is a legal conclusion, not an assertion of fact, and does not require a response. To the extent a response is required, Intervenors deny that EEOC's functions are not executive functions. Intervenors lack knowledge or information sufficient to answer the remainder of the second sentence, and so it is denied.

23. The statutes at issue speak for themselves, and the characterization of the functions Congress has given EEOC as quasi-judicial is a legal conclusion, not an assertion of fact, and does not require a response. To the extent a response is required, Intervenors deny that EEOC's functions are not executive functions. Intervenors admit that EEOC investigates employment discrimination charges.

24. The statutes at issue speak for themselves, and the characterization of the functions Congress has given EEOC as quasi-judicial is a legal conclusion, not an assertion of fact, and does not require a response. To the extent a response is required, Intervenors deny that EEOC's functions are not executive functions. Intervenors lack knowledge or information sufficient to answer the assertion concerning the timing of amendments to EEOC's statutory authorities.

25. Intervenors deny the first and second sentences. Intervenors admit the third, fourth, and fifth sentences. The statutes at issue governing the staggering of terms for Commissioners speak for themselves. To the extent any further answer is required, Intervenors admit that initiation of EEOC Commissioner terms in the statute are staggered, but otherwise deny the remainder of the sixth sentence.

## FACTUAL ALLEGATIONS

26. Admitted.

27. Denied because Intervenors lack knowledge or information sufficient to answer.

28. Intervenors admit the first sentence and admit that the President adopted the cited executive orders. The executive orders speak for themselves. This paragraph contains broad characterizations of both facts and Plaintiff's legal theories. To the extent a response is required, Intervenors deny any allegations that are not specifically admitted.

29. Intervenors admit the first sentence. The second sentence contains a broad characterization of both facts and Plaintiff's legal theories. The statement speaks for itself. To the extent a response is required, Intervenors admit that the statement was made, but deny the truth of the matters asserted in the statement.

30. The statement speaks for itself. To the extent a response is required, Intervenors admit that the statement was made, but deny the truth of the matters asserted in the statement.

31. The statement speaks for itself. To the extent a response is required, Intervenors admit that the statement was made, but deny the truth of the matters asserted in the statement.

32. Intervenors admit that in making these statements, the Commissioners were objecting to the Administration's interpretation of Title VII. Intervenors deny that this interpretation is correct. To the extent a further response is required, Intervenors deny any allegations that are not specifically admitted.

33. Intervenors admit the first and third sentences. Intervenors deny the second sentence. Intervenors lack knowledge or information sufficient to answer the fourth sentence, and so it is denied.

34. Intervenors admit that Executive Order 14173 revoked Executive Order 11246. Intervenors lack sufficient knowledge or information to answer the remaining allegations in this paragraph, and so they are denied.

35. Intervenors lack sufficient knowledge or information to answer the allegations in this paragraph, and so they are denied.

36. Intervenors admit Defendant President Trump removed Plaintiff Samuels from office. Otherwise, Intervenors lack sufficient knowledge or information to answer the remaining allegations in this paragraph, and so they are denied.

37. Intervenors admit Defendant President Trump removed Plaintiff Samuels from office. Otherwise, Intervenors lack sufficient knowledge or information to answer the remaining allegations in this paragraph, and so they are denied.

38. Intervenors lack sufficient knowledge or information to answer the allegations in this paragraph, and so they are denied.

39. Intervenors lack sufficient knowledge or information to answer the allegations in this paragraph, and so they are denied.

40. Intervenors admit Defendant President Trump removed Plaintiff Burrows from office. Intervenors lack sufficient knowledge or information to answer the remaining allegations in this paragraph, and so they are denied.

41. Admitted.

## CLAIM FOR RELIEF

42. Intervenors repeat and incorporate their answers to each of the foregoing allegations as if fully set forth herein.

43. This paragraph states legal conclusions, to which no response is required.

44. This paragraph states legal conclusions, to which no response is required.

45. This paragraph states legal conclusions, to which no response is required.

46. This paragraph, including all subparts, states legal conclusions, to which no response is required.

47. This paragraph, including all subparts, states legal conclusions, to which no response is required.

48. This paragraph states legal conclusions, to which no response is required. Intervenors lack sufficient knowledge or information to answer the allegations in the second sentence, and so they are denied.

49. This paragraph states legal conclusions, to which no response is required.

50. This paragraph states legal conclusions, to which no response is required. Intervenors admit that adding an additional Commissioner to the EEOC alongside the two existing Commissioners would establish a quorum.

## ANSWER TO PLAINTIFF'S PRAYER FOR RELIEF

Intervenors deny that Plaintiff is entitled to any relief.

## AFFIRMATIVE DEFENSES

1. Plaintiff lacks a cause of action.
2. Plaintiff lacks standing to challenge the asserted federal actions.
3. Plaintiff fails to state a claim upon which relief can be granted.
4. Plaintiff's claims against the challenged federal actions are unripe.
5. This case is not justiciable under Article III of the U.S. Constitution or prudential principles.
6. The requested relief would violate Articles II and III of the U.S. Constitution.
7. Plaintiff's claims are barred by sovereign immunity.
8. The challenged law and executive actions were pursuant to and within the executive power of the President.
9. Congress did not provide Plaintiff with for-cause or other protections against removal.

10. At-will removal applies to statutes providing a term of years for appointees. *Severino v. Biden*, 71 F.4th 1038, 1045 (D.C. Cir. 2023).

11. The President had cause authorizing his removal of Plaintiff and former-Commissioner Burrows.

12. The Supreme Court should overrule *Humphrey's Executor v. United States*, 295 U.S. 602 (1935), or limit the decision to its precise facts about the 1935 Federal Trade Commission.

13. The relief requested by Plaintiffs would violate the Administrative Procedure Act, 5 U.S.C. §§ 551, et seq.

14. Plaintiff's claims challenging the asserted federal actions implicate a political question that is nonjusticiable.

15. This Court lacks the power to issue the requested relief.

16. Intervenors are entitled to all defenses available under federal and state constitutional, statutory, and decisional law including but not limited to any and all affirmative defenses listed in Rules 8(c) and 12(b) of the Federal Rules of Civil Procedure.

17. Intervenors reserve the right to identify additional affirmative defenses based on information obtained during the case.

Respectfully submitted this 24th day of April, 2025.

/s/ Matthew S. Bowman

**Matthew S. Bowman**
D.C. Bar No. 993261
**Natalie D. Thompson***
D.C. Bar No. 90026665
**Alliance Defending Freedom**
440 First Street NW, Suite 600
Washington, DC 20001
Telephone: (202) 393-8690
Facsimile: (202) 347-3622
mbowman@ADFlegal.org
nthompson@ADFlegal.org

**Julie Marie Blake**
D.C. Bar No. 998723
VA Bar No. 97891
**Alliance Defending Freedom**
44180 Riverside Parkway
Lansdowne, Virginia 20176
Telephone: (571) 707-4655
Facsimile: (571) 707-4790
jblake@ADFlegal.org

*Counsel for Proposed Intervenor-Defendants Choices Pregnancy Centers of Greater Phoenix, Inc. and Christian Employers Alliance*

*\*Application for admission to the Bar of this Court pending*